UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAK TREE PROPERTY GROUP,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAVON BUTLER,<br><br>    Defendant. | Case No. 25-cv-03528-SI<br><br>**ORDER GRANTING REQUEST FOR SHORTENING TIME AND REMANDING CASE**<br><br>Re: Dkt. Nos. 2, 6, 7 |

On March 4, 2025, plaintiff filed an unlawful detainer action against defendant, one of its residential tenants, in Alameda County Superior Court. Dkt. No. 1 at 2. Defendant removed the case on April 22, 2025, asserting that the federal court has jurisdiction based on a violation of her Sixth Amendment rights. Dkt. No. 1 at 1. On April 24, 2025, plaintiff filed a motion to remand alongside an ex parte application to consider its motion in shortened time. Dkt. Nos. 6, 7. Defendant submitted an opposition to the motion to remand the next day. Dkt. No. 8.

This case was originally assigned to Judge Westmore, but was reassigned to the undersigned judge because of a related case, Case No. 3:25-cv-03344-SI, involving a separate unlawful detainer action involving the same parties and the same tenancy. In that action, Judge Beeler recommended remand and the case was reassigned to the undersigned judge to consider her report and recommendation. Case No. 3:25-cv-03344-SI (N.D. Cal.), Dkt. No. 9.

As defendant has submitted her opposition, the Court considers it appropriate to resolve plaintiff's remand motion at this time, before the originally noticed hearing date.[1] Pursuant to Civil

---

[1] The hearing date was originally noticed for June 5, 2025, but this hearing date was vacated when this case was reassigned to the undersigned judge. Dkt. Nos. 6, 10. The Court has not set a new hearing date.

1  Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral
2  argument.
3    The Court REMANDS the matter to the Alameda County Superior Court. Federal subject
4  matter jurisdiction is lacking. A defendant "may not remove a case to federal court unless the
5  *plaintiff*'s complaint establishes that the case 'arises under' federal law." *See Franchise Tax Bd. of*
6  *State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9-11 (1983) (emphasis
7  in original). Here, the original complaint was for unlawful detainer, a state law cause of action that
8  does not implicate federal subject matter jurisdiction. Dkt. No. 1 at 2. Defendant attempts to
9  establish that the amount in controversy is more than $75,000, but has not attempted to argue that
10 the parties are citizens of different states as required for diversity jurisdiction. Dkt. No. 6. As such,
11 the amount in controversy is moot.
12   Defendant's application for leave to proceed in forma pauperis is dismissed as moot. *See*
13 Dkt. No. 2. No filing fee is due.

16 **IT IS SO ORDERED**.
17 Dated: May 6, 2025

_____
SUSAN ILLSTON
United States District Judge

2